Chief Justice Boyle
delivered the opinion of the court.
This was an action of assumpsit. Two counts were laid in the declaration. The first is founded upon a special contract for land, which the defendant agreed to sell to the plaintiff for II00, in property, a part of which was paid in three horses, the residue to be paid at a future day, and the conveyance to be made thereafter upon request.
The sécond count is upon an indebitatus assumpsit for a hundred pounds worth of horses, sold and delivered by the plaintiff to the defendant. Issues were joined upon the pleas of non-assumpsit, and the statute of limitations.
On the trial the plaintiff proved, by. parol evidence, the contract as laid in the first count, and a refusal of the defendant when requested to convey the land or to restore the property he had received. On the applicatian of the defendant, the court instructed the jury that the plaintiff could not recover upon the first count, there being no written evi- *24 ¿unce of the contract; and that the proof did not support the second count, and the jury having rendered a verdict accordingly, a judgment was thereupon entered for the defendant, from which the plaintiff has appealed to this court.
' A suit will not lie for failing to con vey land verbally sold, tho’ part of the payment lias been made.
A partial pa;,-merit in property being made under such contract, trover and not as-sumpsit, is the appropriate remedy.
The only question is, whether the court erred in the instructions given to the jury.
That the action could not be maintained upon the first count, is evident; because, to do so without written'■evidence of the contract would be directly contrary to the express provision of the statute against frauds and and perjuries, and that the proof did not authorise a recovery upon the second count, we think equally clear; for as there was an express contract to receive the horses in payment for land, there can be no room for a presumption that the defendant had agreed, or assumed to pay their price in money. On his refusal to convey the land agreeable to his contract, he was no doubt bound to restore the horses, and on his failure to do so, the plaintiff might have recovered either the horses themselves, in an action of detinue, or damages for their' conversion, in an action of trover. For as the horses were delivered to the defendant upon a contract which could not be legally enforced, and which, by his failure to comply with, it bad become void, it is plain that, the case cannot* in legal contemplation* differ from an ordinary case of bailment, in which, if the thing bailed or /delivered be not restored when demanded, the appropriate remedy is either by an action of detinue or trover.
Judgment affirmed with costs.